MARK BRNOVICH
Attorney General
Firm Bar #14000
James F. Odenkirk
State Bar No. 0013992
Assistant Attorney General
Office of the Attorney General
1275 West Washington
Phoenix, AZ 85007-2926
Telephone: (602) 542-7787
james.odenkirk@azag.gov

Attorneys for the State of Arizona

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>                     Plaintiffs,<br><br>*v.*<br><br>Sally Jewell, Secretary of the Interior;<br>United States Fish and Wildlife Service,<br><br>                     Defendants. | Case No. _____<br><br>**COMPLAINT** |

1.      The State of Arizona ("Arizona") challenges the failure of Secretary of Interior Sally Jewell ("Secretary") and the U.S. Fish and Wildlife Service ("FWS") to perform a mandatory, statutory duty to develop a recovery plan for the Mexican wolf that meets the requirements of Section 4(f) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(f).

2.      The Secretary has a mandatory duty to develop and implement "recovery plans for the conservation and survival of endangered species and threatened species listed pursuant to the [ESA], unless [she] finds that such a plan will not promote the conservation of the species."  16 U.S.C. § 1533(f)(1).

3.      The Secretary has not determined that a recovery plan for the Mexican wolf would not promote the conservation of the species.

4.      The FWS has stated that a new recovery plan will promote the conservation of the Mexican wolf.

5.      The Secretary has failed to develop a recovery plan for the Mexican wolf that meets the legal requirements for a recovery plan.

6.      The Secretary has failed to develop a recovery plan for the Mexican wolf that will lead to recovery and delisting of the Mexican wolf.

7.      The Secretary's conduct in failing to develop a recovery plan for the Mexican wolf that complies with ESA is a violation of a mandatory duty under ESA within the meaning of the Administrative Procedures Act (APA), 5 U.S.C. § 706.

8.      Arizona challenges the Secretary's failure to develop a recovery plan for the Mexican wolf that meets the legal requirements of ESA.

9.      The Secretary's conduct is a violation of ESA and constitutes action unreasonably delayed or unlawfully withheld within the meaning of the APA.

10.      The Secretary has a mandatory duty to conserve and recover species listed pursuant to ESA.  16 U.S.C. § 1531(c)(1).

11.     The Secretary's failure to develop a recovery plan for the Mexican wolf that will lead to the conservation and recovery of the Mexican wolf violates the Secretary's duty to conserve and recover listed species.

## I.     JURISDICTION AND VENUE.

12.     The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 701-706, 16 U.S.C. §§ 1540(c) and (g) and 28 U.S.C. § 1331.

13.     The Court may grant the relief requested under 28 U.S.C. §§ 2201-2202 and 5 U.S.C. §§ 701-706.

14.     Arizona provided the Secretary and the FWS with written notice of their failure to fulfill their nondiscretionary duties in ESA more than sixty days from filing this complaint in accordance with 16 U.S.C. § 1540(g)(2).  Defendants have failed to remedy the alleged violations.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(2) and 16 U.S.C. § 1540(g)(3)(A), as the historical range for the Mexican wolf includes Arizona and the harm is occurring within this district.

## II.     PARTIES.

16.     State of Arizona sues on behalf of itself and the Arizona Game and Fish Department and Commission ("AGF").  Arizona has broad trustee and police power over wildlife within its jurisdiction, and AGF is the state agency with jurisdiction under state law for managing and conserving wildlife in Arizona.  *See* Ariz. Rev. Stat. Ann. ("A.R.S.") §§ 17-101 to -481.  The listing of the Mexican wolf as endangered and the reintroduction project have imposed significant additional cost to AGF to manage and

conserve wildlife in Arizona.  These costs will continue until Mexican wolf is recovered and the FWS delists the species.  Federal control of the Mexican wolf also interferes with Arizona's sovereign authority to manage and conserve the Mexican wolf pursuant to Arizona law, and this will continue until the Mexican wolf is recovered and the FWS delists the species.  Combined, Arizona is suffering harm to its sovereign and proprietary interests due to Defendants failure to meet its duty to conserve the Mexican wolf and to develop a recovery plan for the Mexican wolf that will lead to the recovery and delisting of the species.

17.     Secretary Jewell is the federal official responsible for developing and implementing recovery plans for species listed under the ESA.  The Secretary is sued in her official capacity.

18.     The Secretary has delegated the responsibility to develop and implement recovery plans to the FWS, an agency within the U.S. Department of Interior.  The FWS is responsible for administering ESA with respect to the Mexican wolf.

### III.     FACTUAL BACKGROUND.

19.     The Mexican wolf is listed as an endangered subspecies of the gray wolf. In 1976, the FWS initially listed the Mexican wolf as endangered when it listed the North American population of gray wolf.  In January 2015, the FWS modified the status of the Mexican wolf by designating the Mexican wolf as a subspecies and listing the population as endangered.  *See Endangered and Threatened Wildlife and Plants; Endangered Status for the Mexican Wolf* (Final Rule), 80 Fed. Reg. 2488 (Jan. 16, 2015).

4

20.     The FWS published a "recovery plan" for the Mexican wolf in 1982.  *See* U.S. Fish and Wildlife Serv., *Mexican Wolf Recovery Plan* (1982).  At the time the FWS developed this initial plan, only a captive population of Mexican wolves existed.  *Id*. at 3. The 1982 plan had as its objective to maintain a captive breeding program and to reintroduce the Mexican wolf to establish a viable, self-sustaining population of at least 100 wolves in the wild.  *Id*. at 23.

21.     The 1982 plan only provided for protection of the captive wolf population and a wild population of at least 100 wolves.  The 1982 plan did not provide for recovery of the Mexican wolf.  *Id*.

22.     The FWS has stated that the objective for the 1982 recovery plan was not to achieve Mexican wolf recovery, and the 1982 plan stated that there was no possibility for complete delisting of the Mexican wolf.  *Id.*

23.     In 1998, the FWS reintroduced the Mexican wolf into the Blue Range Wolf Recovery Area as an experimental nonessential population under Section 10(j) of ESA. *See Establishment of a Nonessential Experimental Population of the Mexican Wolf* (Final Rule), 63 Fed. Reg. 1752 (Jan. 12, 1998).  By 2013, the Mexican wolf population in the wild was 83 individuals.  *See Revision to the Regulations for the Nonessential Experimental Population of the Mexican Wolf* (Final Rule), 80 Fed. Reg. 2512 (Jan 16, 2015).

24.     The FWS has admitted that the objective of the original recovery plan to reestablish a single experimental population of Mexican wolves is inadequate for the recovery of the Mexican wolf.  *Mexican Wolf Recovery Plan* at 20.

25.     The objective of the original recovery plan is inadequate because it does not include provisions in the plan that ESA requires to be incorporated into a recovery plan.

26.     ESA requires the FWS to develop a recovery plan that incorporates "objective, measureable criteria which, when met, would result in a determination, in accordance with the provisions of [Section 4(f) of ESA], that the species be removed from the list."  16 U.S.C. § 1533(f).

27.     The FWS has admitted that the 1982 recovery plan does not contain the objective, measurable criteria for delisting as required by Section 4(f).  80 Fed Reg. at 2514.

28.     The 1982 recovery plan does not qualify as a recovery plan for the Mexican wolf under the terms of § 4(f) of ESA.

29.     The FWS has provided no explanation that Mexican wolf recovery cannot be achieved through a new recovery plan that meets the legal requirements of ESA, and the FWS has made no determination that objective, measurable criteria for recovery are impracticable.

30.     The FWS has admitted that the 1982 recovery plan is insufficient because it "operates without any guidance in terms of the number and distribution of wolves considered adequate for recovery and delisting."  U.S. Fish and Wildlife Serv., *Mexican Wolf Conservation Assessment* 7 (2010).

31.     Since 1982, the FWS has convened three recovery teams to develop a new recovery plan for the Mexican wolf.  Despite this effort, the FWS has not completed a new recovery plan that meets the legal requirements of ESA.

## IV.   LEGAL BACKGROUND.

32.    The Endangered Species Act was passed by Congress in 1973 for the express purpose of conserving threatened and endangered species and the ecosystems they depend upon.  16 U.S.C. § 1531(b).

33.    Congress defined "conservation" to mean the use of all methods and procedures which are necessary to bring any endangered or threatened species to the point at which the measures provided pursuant the Act are no longer necessary.  16 U.S.C. § 1532(3).

34.    To achieve this purpose, ESA requires the Secretary to "list" species of plants and animals that are facing extinction as either "threatened" or "endangered."  16 U.S.C. § 1533(a)(3)(A)(i).

35.    Congress defined an "endangered species" to be "any species which is in danger of extinction throughout all or a significant portion of its range."  16 U.S.C. § 1532(6).

36.    A species is "threatened" if it is "likely to become an endangered species within the foreseeable future throughout all or significant portion of its range."  16 U.S.C. § 1532(20).

37.    The primary goal of ESA is to recover species so the protections of the Act are no longer needed.  16 U.S.C. §§ 15319(c)(1) and 1532(3).  The Secretary is mandated under the Act to conserve species listed as threatened or endangered.

38.    To accomplish the mandate to conserve and recover species, ESA requires the FWS to develop and implement "recovery plans" for the conservation and survival of

listed species, unless the FWS finds that a recovery plan would not benefit the species. 16 U.S.C. § 1533(f).

39.     In developing a recovery plan, the FWS shall, to the maximum extent practicable, give priority to those threatened or endangered species, with regard to taxonomic classification, that are most likely to benefit from such plans, particularly those species that are, or may be, in conflict with construction or other development projects or other forms of economic activity.  *Id*.

40.     A "recovery plan" under ESA must include: (i) a description of such site specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species; (ii) objective, measurable criteria which, when met, would result in determination in accordance with [ESA] that the species be removed from the list.; and (iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward the goal.  *Id*.

41.     The 1982 Mexican wolf recovery plan fails to meet the required elements of a recovery plan under ESA as it fails to include objective, measurable criteria which, when met, would result in a determination in accordance with [§ 4(f)] that the species be removed from the list.  16 U.S.C. § 1533(f).

42.     The Administrative Procedures Act ("APA") was enacted by Congress with the intent of providing a process by which the federal courts may review agency actions. 5 U.S.C. §§ 701-706.

43.     Pursuant to the APA, the Court is to compel agency action unlawfully withheld or unreasonably delayed and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.  *Id.* § 706.

44.     The FWS's failure to develop a recovery plan for the Mexican wolf that complies with the requirements of ESA is an agency action required by law that is unlawfully withheld and unreasonably delayed.

## V.     FIRST CLAIM FOR RELIEF.
### (Violation of the Endangered Species Act and the Administrative Procedures Act)

45.     All preceding paragraphs are incorporated herein.

46.     The Mexican wolf has been listed as endangered since 1976.

47.     The 1982 Mexican wolf recovery plan is not a recovery plan as described in ESA because it does not include objective, measurable criteria which, when met, would result in a determination in accordance with Section 4(f) of ESA that the species be removed from the list.

48.     The FWS has acknowledged that the 1982 plan is not a complete plan for Mexican wolf recovery and will require changes.

49.     The FWS has not stated that a recovery plan that includes objective, measurable criteria that will lead to the delisting of the Mexican wolf would not promote the conservation of the Mexican wolf.

50.     The FWS has violated a discrete, non-discretionary, duty under Section 4(f) of ESA by failing to develop a recovery plan for the Mexican wolf that complies with the legal requirements of ESA.

51.     The failure since at least 1988 in developing a new plan that meets the legal requirements of ESA is action unlawfully withheld or unreasonably delayed within the meaning of the APA.

52.     The Court has the authority to compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

## VI.    SECOND CAUSE OF ACTION.
### (Violation of the Endangered Species Act Violation and the Administrative Procedures Act)

53.     All preceding paragraphs are incorporated herein.

54.     The FWS has a continuing duty under ESA to conserve the Mexican wolf. 16 U.S.C. § 1531(c).  ESA requires the FWS to develop and implement recovery plans under its duty to conserve the Mexican wolf.  16 U.S.C. § 1533(f).

55.     FWS's failure to develop a new recovery plan for the Mexican wolf that includes objective, measurable criteria to conserve the Mexican wolf violates the FWS's continuing duty to conserve the Mexican wolf.

56.     The failure since at least 1988 in developing a new plan that meets the legal requirements of ESA is action unlawfully withheld or unreasonably delayed within the meaning of the APA.

57.     The Court has the authority to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).

10

## VII.   PRAYER FOR RELIEF.

Plaintiff respectfully requests that the Court:

1.     Declare that Defendants have violated their duty under 16 U.S.C. § 1533(f) to develop a legally sufficient recovery plan for the Mexican wolf.

2.     Declare that Defendants have violated their duty under 16 U.S.C. § 1531(c) to conserve the Mexican wolf by their failure to develop a legally sufficient recovery plan for the Mexican wolf.

3.     Declare that Defendants failure to develop a legally sufficient recovery plan for the Mexican wolf is agency action unlawfully withheld and unreasonably delayed.

4.     Order Defendants to develop a recovery plan for the Mexican wolf by a reasonable date certain.

5.     Order Defendants to pay Plaintiff's costs of litigation and attorney's fees pursuant to 16 U.S.C. § 1540(g)(4).

6.     Order such other relief as the Court deems just and proper.

DATED this 8th day of June, 2015.


/s/ James F. Odenkirk
James F. Odenkirk
Office of the Attorney General
1275 West Washington
Phoenix, AZ 85007
James.odenkirk@azag.gov
Phone: (602) 542-7787
Fax: (602) 542-7798
Attorney for the State of Arizona

11